```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

The Cincinnati Insurance     :
Company,

        Plaintiff,           :

     v.                      :   Case No.  2:08-cv-1061

Savarino Construction        :   JUDGE SMITH
Corporation, et al.,

        Defendants.          :

ORDER

This case is before the Court to consider defendants' motion to amend the case schedule. That motion (#68) was filed on June 14, 2010, and responded to on June 23, 2010. The time for filing a reply passed without any reply having been filed. For the following reasons, the Court will deny the motion.

I. Background.

Only a brief statement of the case's procedural history is necessary. The case involves an issue about whether plaintiff may recover sums that it paid pursuant to a payment and performance bond issued on a construction project on which defendant Savarino Construction Corporation was a contractor. Plaintiff demanded a total of $2,393,940.38 in the complaint, which was described as consisting of actual or anticipated "losses, costs, expenses, or attorney fees ...."

The initial case schedule called for the completion of discovery by December 1, 2009, a date more than one year after the complaint was filed. At the parties' request, that date was extended, first, to March 1, 2010, and then to the current cut-off date of June 1, 2010. Defendants' current request for an

additional extension (to August 13, 2010) was made two weeks after the expiration of the discovery period.  Because all of the pertinent dates were established in an order issued under Fed.R.Civ.P. 16(b), the key question is whether defendants' motion satisfies the applicable legal standard for modifying such an order.

II.  The Legal Standard.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997).

Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).  The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005).  It is with these standards in mind that the instant motion will be decided.

### III.  Analysis.

The motion to extend the discovery cut-off date identifies two discovery tasks which defendants want to complete.  The first is obtaining plaintiff's response to written discovery which was, admittedly, served too late to allow a response by June 1, 2010 (in fact, it was served on May 28, 2010, the last business day before the close of discovery).  The second is resuming and completing a deposition during which the witness was instructed not to answer certain questions based on an assertion of the work product doctrine.  Although defendants describe the written discovery as being directed to that element of damage which consists of attorneys' fees, costs, and administrative expenses, they do not explain why these discovery requests were not, or could not have been, served prior to May 1, 2010, when they would have been timely.

In response, plaintiff acknowledges that, if a timely motion to compel answers to the questions to which it objected at the deposition were granted, that deposition could properly go forward without the need for a formal extension of the discovery cutoff date.  However, it objects to any extension that would

require it to answer the untimely written discovery, arguing both that no reason has been advanced why that discovery could not have been served earlier, and that it would be prejudiced by an extension.  As noted, defendants have not filed a reply, and thus have not answered the question of why this written discovery could not have been propounded on some date earlier than May 28, 2010, especially when the damages claimed by plaintiff are spelled out in the complaint and the prayer for damages has never been amended.

The Court agrees with plaintiff that, if a deposition is properly noticed and taken, and if, as a result of a successful motion to compel, additional questions need to be asked, all of that can be accomplished by specific order without the need for a general extension of discovery.  That issue is not before the Court, however, and the Court makes no prediction either about the potential merit of such a motion, nor the likelihood that, if it is filed in the future, it will be deemed timely.  With respect to the written discovery, the Court concludes that defendants have not made any showing of diligence in terms of pursuing this discovery within the discovery period, as twice extended, nor have they attempted to do so.  In this context of this case, that failure is dispositive.  Without any showing of cause as to why the discovery period should be extended to allow this discovery, the Court simply will not extend the discovery date.  Finally, plaintiff has represented, again without contradiction, that information about its damages, including its attorneys' fees and administrative costs, was produced in 2009.  Thus, denying the motion would not appear to cause any prejudice to defendants' ability to defend themselves on this issue.

IV.  Disposition and Order

For all of the reasons cited above, the defendants' motion to amend the case schedule (#68) is denied.

V.  <u>Appeal Procedure</u>

    Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                           /s/ Terence P. Kemp
                                           United States Magistrate Judge